```
LAW OFFICES OF
O'KEKE & ASSOCIATES, P.C.
801 Franklin Avenue.
Brooklyn, New York 11238
Tel.: (718) 855-9595
Attorneys for plaintiffs
------------------------------------X----------------------------
HAFSA KHAN                          :UNITED STATES DISTRICT COURT
                                    :EASTERN DISTRICT OF NEW YORK
            Plaintiff(s),           :
                                    :   CASE No.:14 CV 4665
                                    :   CIVIL ACTION
                                    :
                                    :   AMENDED COMPLAINT
KASHIF KHAN and SALMON KHAN         :
                                    :   PLAINTIFF DEMANDS
                                    :   TRIAL BY JURY
                                    :
                                    :   (SLT)(VMS)
            Defendant(s).           :
------------------------------------X----------------------------
```

TAKE NOTICE, the Plaintiff, Hafsa Khan, hereby appears in this action by his attorney, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them, at the address below, in this matter.

Plaintiff, Hafsa Khan, by her attorney, The Law Offices of O'keke & Associates, P.C., complaining of the defendants, Kashif Khan, Salmon Khan, collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured

1

to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985 (2) and (3)], [and arising under the law and statutes of the State of New York]. The defendants are not direct employees of the state, still fall within the jurisdiction of Section 1983, as "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights under color of state law." Filarsky v. Delia, 132 S. Ct. 1657, 1661(2012). "Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983."

## JURISDICTION

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under

applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

**SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT**

5. All conditions precedent to the filing of this action has been complied with.
6. It has been less than three (3) years since the incident complained of herein
7. This action, pursuant to applicable Federal and State Law, has been commenced within three (3) years after the happening of the event upon which the claim is based.

**PARTIES**

8. Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.
9. The actions which form the underlying basis for this case all took place in the County of Queens, within the jurisdiction of the Eastern District of New York.
10. Defendants Kashif Khan ('KK") and Salmon Khan("SK") are related to the plaintiff, in that defendant 'KK' is the estranged husband of the plaintiff, and defendant 'SK' is a first cousin of 'KK'. All defendants are being sued as their conduct fairly attributed to the state's action in arresting and maliciously prosecuting the plaintiff, thereby rendering same defendants as state actors under § 1983." All defendants are being sued in both their individual and official capacity.

3

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. That on or about January 10, 2014, defendant 'KK', filed a false report with the NYPD, alleging that the plaintiff had aggressively threatened and harassed him. Defendant 'KK' knew at the time that he filed said report that it was false and that it would lead to the arrest and prosecution of plaintiff.

12. That as a result of the false report ("False Report 1"), the plaintiff was arrested by NYPD police officers, charged with NY PL. 240. 30-1A, 'Aggravated Harassment in the Second Degree'; NY PL. 240. 30-1B, 'Aggravated Harassment in the Second Degree' and NY PL. 240. 26-1, 'Harassment in the Second Degree' and maliciously prosecuted under Docket Number 2014QN001820.

13. That thereafter on or about January 11, 2014, defendant 'KK', filed a second false report with the NYPD, ("False Report 2"), again alleging that the plaintiff had threatened and harassed him. Defendant 'KK' knew at the time that he filed said report that it too was false and that it would lead to the arrest and prosecution of plaintiff.

14. That as a result of the second false report ("False Report 2"), the plaintiff was arrested by NYPD police officers and charged with NY PL. 240. 26-1, with 'Harassment in the Second Degree' and PL 215.50, Criminal Contempt in the Second Degree and maliciously prosecuted under Docket Number 2014QN001950.

15. That in a Decision and Order of the Hon. Elisa Koenderman, J.C.C., dated May 8, 2014, the Criminal Court partially dismissed the charges against the plaintiff in both dockets.

16. That thereafter on July 9, 2014, the Hon. Elisa Koenderman, J.C.C., dismissed all remaining charges pending against plaintiff in both dockets.
17. That thereafter during the month of May, 2014, defendants 'KK' and 'SK' filed a third false report ("False Report 3"), alleging that plaintiff had stolen various items from defendants 'SK", and that said theft was witnessed by defendant 'KK' and the value of the stolen items exceeded fifty thousand dollars in jewelry and medication.
18. That upon information and belief defendant Det. Sartori, was assigned to investigate the complaint stemming from 'False Report 3'.
19. That after investigating the alleged complaint, Det. Sartori, determined that the allegations contained in false report 3 were materially and or factually false and refused to arrest the plaintiff or log a complaint against the plaintiff.
20. That as a result of Det. Sartori's refusal to arrest plaintiff, defendants 'KK' and 'SK' threatened to file and or filed complaints against Det. Sartori, thereby compelling Det. Sartori to arrest the plaintiff.
21. That defendants 'KK'" and 'SK' had filed 'False Report 3', in an attempt to obstruct the plaintiff from testifying in an upcoming Family Court Hearing. Family Court Case, Kashif Khan v. Hafsa Khan V00776-14
22. They had specifically timed the complaint (False Report 3) to have plaintiff arrested, with the intent of the plaintiff detained, so that plaintiff would be unable to attend the upcomi9ng family court hearing.
23. That as a result of the False Report 3, the plaintiff was arrested by NYPD police officers and charged with with NY PL 155.25 'Petit Larceny'.

5

24. That defendants 'KK' and 'SK' knew at the time that they filed said report that was false and that it would lead to the arrest and prosecution of plaintiff. Defendants 'KK' and 'SK' also believed that as a result of plaintiff being arrested, plaintiff would be unable to testify at the upcoming family court hearing.
25. That on or about May 28, 2014, the plaintiff was arrested and was charged with NY PL 155.25 'Petit Larceny', and maliciously prosecuted under Docket Number 2014QN031254.
26. That in a Decision and Order of the Hon. Michelle A. Armstrong, J.C.C., dated September 4, 2014, the Court dismissed all charges against the plaintiff under Docket Number 2014QN031254.
27. That prior to and after the plaintiff had been arrested, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed crime(s) and/or offense(s) for which plaintiff had been arrested. Further, defendants knew that said allegations, statements and paperwork submitted were false and that the State and City agents would rely on same false information to arrest and prosecute the plaintiff.
28. The factual claim by the defendants were materially false and the defendants knew it to be materially false at the time they first made it, and every time thereafter when they repeated it.
29. That based upon the false reports and statements made by the defendants, the arresting officers forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiff's criminal prosecution.
30. That as a direct result of these false allegations by the

6

defendants, the plaintiff was criminally charged under the various Docket Numbers and maliciously prosecuted in all cases.

31. The plaintiff was detained and unlawfully held on all three occasions when she was arrested and subjected to being treated like a criminal. On all three occasions, the plaintiff was eventually brought before a judge of the criminal court and was released from custody, but ordered to return to court at a later date, where she returned several times until all three cases were dismissed.

32. That as a result of the false arrests and the prosecution that ensued, the plaintiff was removed from her home and separated from her son, pursuant to court orders that were based upon the allegations made by the defendants in their false reports.

33. That with regard to all three arrests, at no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

34. The defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required and did so simply based upon the sex of the plaintiff with the intent of using the false reports, allegations and ensuing prosecutions to deprive the plaintiff of the right to be a part in her child's life.

35. That the defendants believed that as plaintiff was a female she did not have the right to raise the biological male child she shared with defendant "KK".

36. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries,

7

      including but not limited to emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

37. The false arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

38. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

39. The actions of all defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

40. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983[and § 1985 (2) and (3)].

41. This action has been commenced timely, within three years from the date of incident.

**AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983**

42. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs '1 through 41' of this complaint as though fully set forth herein.

8

43. The arrest, detention and imprisonment of plaintiff was without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

44. As a result of plaintiff's false arrest and imprisonment, plaintiff has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, was prevented from attending to their necessary affairs, and have been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

45. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

46. The defendants were at all material times acting by participation with regards to the violation of plaintiff's civil rights as described above.

## AS A SECOND CAUSE OF ACTION: AGAINST ALL DEFENDANTS CONSPIRACY TO INTEREFERE WITH CIVIL RIGHTS 42 U.S.C § 1985

47. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs '1 through 46' of this complaint as though fully set forth herein.

48. The defendants conspired to file the various 'False Report 3', and use the police to unlawfully arrest, detain, and maliciously prosecute the plaintiff so that she would be unable to come and testify at an upcoming Family Court Hearing.

49. That the defendants conspired to deprive, directly or indirectly, the plaintiff of the equal protection of the

       laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws. Defendant(s) were directly involved in the initiation of all criminal proceedings against the plaintiff.

50. That the defendants, acted with malice in filing the various false reports against the plaintiff.
51. The defendants actions were intentional, unwarranted and in violation of the law. The defendant(s) had full knowledge that the reports were false and untrue.
52. As a consequence of the filing of false reports, plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and her constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendants, individually and severally.
53. In addition the defendants conspired among themselves to deprive plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and 1985 and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.
54. As a direct and proximate result of the misconduct and conspiracy detailed above, Plaintiff sustained the damages herein before stated.

**AS A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE**

55. Plaintiff repeats and realleges paragraphs '1 through 54' as if each paragraph is repeated verbatim herein.

56. As a direct and proximate result of the negligent acts and/or omissions of the defendants as set forth herein, the plaintiff suffered and continues to suffer mental anguish.

57. That by reason of the said negligence, the plaintiff suffered and still suffers great pain, agony and mental anguish and verily believes that she will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and is still forced to expend sums of money on her various defenses and prosecution.

## AS A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. The Plaintiffs hereby restates paragraph '1 through 57' of this complaint, as though fully set forth below.

59. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

60. Plaintiff's emotional distress has damaged her personal as a result of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment caused by the actions of the defendants.

61. Defendants were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff at the hands of the State agencies and their all their employees and/or agents who relied on the false reports made and submitted by the defendants to arrest, detain, charge and prosecute the plaintiff.

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

   **WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

   Dated: March 29, 2015,
          Brooklyn, New York

                                    O'keke & Associates, P.C.

                                    _____
                                    Patrick O'keke, Esq. (PO-2861)
                                    O'keke& Associates, PC.
                                    Attorney for Plaintiff
                                    801 Franklin Avenue
                                    Brooklyn, New York 11238
                                    Tel. (718) 855-9595

## AFFIRMATION OF SERVICE BY MAIL

PATRICK O'KEKE ESQ., an attorney admitted to the practice of law in New York State, duly affirms as follows upon penalty of perjury;

On March 29, 2015, I caused a true and correct copy of the following annexed documents:

1) **PLAINTIFF'S AMENDED COMPLAINT**

To be served by Ecf and by First Class Mailing, upon the Defendants by filing same electronically and depositing said copy in a postage paid envelope into an official U.S. Mail depository addressed to the following Defendants at the address designated by them for service.

To:   **Kashif Khan**
(*Pro Se Defendant*)
45-44 Burling Street, 2nd Floor
Flushing, New York 11355

**Salmon Khan**
(*Pro Se Defendant*)
3193 Ann Street
Baldwin, New York 11510

Dated:   March 29, 2015
Brooklyn, New York

O'keke & Associates, P.C.

By: _____
Patrick O'keke Esq. (P.O. 2861)
801 Franklin Avenue
Brooklyn, New York 11238
(718)855-9595

Civil Case Number: __14 CV 4665__   Attorney: __PATRICK O'KEKE [2861]__

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

HAFSA KHAN

                                          Plaintiff(s),

    against

KASHIF KHAN, SALMON KHAN, DET. DOMENICO SARTORI, JOHN DOE AND "JANE DOE" 1- 5.

                                          Defendant(s).

---

**AMENDED COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**O'keke & Associates, PC**
801 FRANKLIN AVENUE, BROOKLYN NY, 11238
PHONE: (718) 855-9595   FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:

Defendants/Attorney(s) For Defendants.

---

    Service of a copy of the within is hereby admitted

                       Dated:_____

                Attorney(S) For:_____